**Joy Winifred PANCHUM, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–73484.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted May 13, 2014.*

Filed May 27, 2014.

Collins L. Akukwe, Esquire, Law Offices of Collins Akukwe & Associates, Quincy, MA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Jeffrey Ronald Meyer, Esquire, OIL, Imran Raza Zaidi, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Joy Winifred Panchum, a native and citizen of Guyana, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an immigration judge's denial of her motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir.2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Panchum's motion to reopen as untimely where it was filed sixteen years after her deportation order became final, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(1) (an alien has 180 days to file a motion to reopen to rescind the in absentia order if the alien can show that she failed to appear for the

hearing due to exceptional circumstances), and Panchum failed to show the due diligence necessary for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling of the filing deadline is available where petitioner establishes that she was prevented from filing because of deception, fraud or error, and acted with due diligence in discovering such circumstances).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

